**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                                     Plaintiff,                    **24-CV-1710 (LAK) (RFT)**

               -against-                                  **ORDER**

JOHN DOE subscriber assigned IP address :
69.113.185.63,

                                       Defendant.
-----------------------------------------------------------------X

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

In this copyright infringement action, Plaintiff Strike 3 Holdings, LLC ("Strike 3")

moves ex parte for leave to serve a third-party subpoena on the internet service provider of

Defendant John Doe, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. Plaintiff

seeks this discovery prior to a Rule 26(f) conference to ascertain Defendant's identity. For the

reasons set forth below, Strike 3's motion is GRANTED.

## BACKGROUND

Strike 3 is a Delaware limited liability company and the copyright owner of certain "adult

motion pictures." (ECF 1 ("Compl.") ¶¶ 2, 14.) It contends that Defendant, through the

BitTorrent file distribution network, illegally downloaded and distributed its copyrighted motion

pictures. (*See id.* ¶¶ 20-46.) On March 6, 2024, Strike 3 filed a complaint against Defendant,

and, on March 11, 2024, this action was referred to Magistrate Judge Sarah Netburn for general

pre-trial supervision and to issue a Report and Recommendation on all dispositive motions that

may be filed. (*See* ECF 6, Order of Reference.) On March 12, 2024, the referral was reassigned

to me.

Strike 3 alleges Defendant has infringed on Strike 3's content anonymously, and Strike 3 has identified Defendant only through Defendant's IP address. (*See* ECF 1, Compl. ¶ 5.) Therefore, on March 18, 2024, Strike 3 moved for leave to serve a subpoena on CSC Holdings LLC (Optimum Online) ("Optimum Online"), Defendant's internet service provider ("ISP"). (*See* ECF 7, Plf.'s Mot.) Strike 3 asserts that Defendant's ISP will be able to identify Defendant by correlating the IP address with Defendant's identity. (*See* ECF 1, Compl. ¶ 5.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) prohibits a party from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Parties seeking early discovery are required "to make 'some showing of good cause ... to justify such an order.'" *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-10094 (LAK) (BCM), 2021 WL 5853380, at *2 (S.D.N.Y. Dec. 8, 2021) (quoting Charles Alan Wright & Arthur R. Miller, 8A Fed. Prac. & Proc. § 2046.1 (3d ed. 2021)). Courts in such circumstances "apply a 'flexible standard of reasonableness and good cause.'" *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)). When deciding whether expedited discovery is appropriate, courts consider the following factors: "(1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the [d]efendant's expectation of privacy." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

2

Strike 3 has brought thousands of cases exactly like this one over the last several years and in the vast majority, courts have granted motions just like the one currently pending before me. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe,* No. 23-CV-5436 (LAK) (KHP)*,* 2023 WL 4684207, at *2, (S.D.N.Y. July 21, 2023).

## <u>ANALYSIS</u>

In this case, all five of the "principal factors" referenced above weigh in favor of granting Strike 3's motion.  First, Strike 3 has made out a prima facie showing of infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original."  *Urbont v. Sony Music Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016). In its complaint, Strike 3 adequately describes its original, copyrighted works and provides a detailed analysis of how Defendant copied those works along with the date and time of the alleged infringements. (*See* ECF 1, Compl. ¶¶ 44-47.)

Second, Strike 3 has limited the scope of the contemplated subpoena to the name and address of Defendant (*see* ECF 8, Plf.'s Mem. at 2), which this Court in similar cases involving the same Plaintiff has found "is a limited and highly specific set of facts." *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 22-CV-10691 (AKH) (SN), 2023 WL 3005744, at *1 (S.D.N.Y. Jan. 26, 2023). "[T]he subpoenaed information is only needed to advance Plaintiff *to* the service of process stage, and is sufficiently specific to accomplish that end." *Strike 3 Holdings,* 2019 WL 5459693, at *3.

The third and fourth factors similarly favor Strike 3. Patrick Paige, who has extensive experience in computer forensics, attests that Defendant's ISP "is the only entity that can

3

correlate the IP address to its subscriber and identify Defendant." (ECF 8-3, March 5, 2024, Declaration of Patrick Paige ¶ 28.) Without knowing the identity of Defendant, there is no way for Strike 3 to pursue this litigation. Finally, as courts in this District have repeatedly held, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media LLC v. Doe*, No. 18-CV-10955 (AJN), 2019 WL 297607, at *3 (S.D.N.Y. Jan. 23, 2019) (quoting *Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) (internal quotation marks omitted)).

I conclude that Strike 3 is entitled to serve a subpoena on Optimum Online to ascertain Defendant's identity.

Strike 3 also "encourages" the Court to issue a protective order to protect Defendant's identity, in accordance with this Court's practice in these sorts of cases. (*See* ECF 8, Plf.'s Mem. at 13.) I conclude that there is good cause to issue a protective order in connection with this subpoena in light of the substantial risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Digital Sin, Inc.*, 279 F.R.D. at 242-43.

<u>**CONCLUSION**</u>

It is hereby **ORDERED** that Strike 3 may serve Optimum Online with a Rule 45 subpoena to obtain Defendant Doe's name and mailing address only. Plaintiff shall not seek Defendant's email address by subpoena or otherwise. Plaintiff may not serve a Rule 45 subpoena on any other ISP without further order of this Court.

It is further **ORDERED** that Strike 3 may use Defendant's name and mailing address for purposes of this litigation only. Plaintiff shall not disclose, or threaten to disclose, Defendant's name, mailing address, or any other identifying information (other than Defendant's IP address) that Plaintiff may subsequently learn by taking discovery in this litigation. Defendant, once identified, will be permitted to litigate this case anonymously unless and until this Court orders otherwise, after Defendant has had notice of and an opportunity to challenge the proposed disclosure. Therefore, Strike 3 shall not publicly file any of Defendant's identifying information, beyond his or her IP address, and Strike 3 shall file all documents containing Defendant's name or other identifying information under seal.

It is further **ORDERED** that Strike 3 shall serve a copy of this Order upon Optimum Online along with the subpoena and shall file proof of such service on the docket within a week of making such service.

It is further **ORDERED** that within 45 days of the date of service of the Rule 45 subpoena upon Optimum Online, and at least 30 days before providing any responsive information to Strike 3, Optimum Online shall serve Defendant – its subscriber – with a copy of the subpoena and a copy of this Order. Optimum Online may serve Defendant using any reasonable means, including but not limited to written notice sent to his or her last known mailing address, transmitted by first class mail or overnight service.

It is further **ORDERED** that Optimum Online shall have 30 days from the service of the Rule 45 subpoena and this Order on Optimum Online to file any motions contesting the subpoena (including a motion to quash or modify the subpoena).

It is further **ORDERED** that Defendant shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). Optimum Online may not turn over Defendant's identifying information to Strike 3 before the expiration of this 30-day period. Additionally, if Defendant or Optimum Online files a motion to quash or modify the subpoena, Optimum Online may not turn over any responsive information to Strike 3 until the issues have been addressed and this Court issues an order.

It is further **ORDERED** that Optimum Online shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further **ORDERED** that Optimum Online shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. If Optimum Online receives a subpoena and elects to charge for the cost of production, it shall provide a billing summary and cost report to Plaintiff.

The Clerk of the Court is respectfully directed to terminate ECF 7.

**SO ORDERED.**

DATED:    New York, New York
          March 21, 2024

**ROBYN F. TARNOFSKY**
United States Magistrate Judge